## GILCHRIST v CENTURY INDEMNITY CO

Ohio Appeals, 9th Dist, Summit Co

No 2186.   Decided July 25, 1933

James Olds, Akron, for plaintiff in error.
Lahrmer & Hadley, Akron, for defendant in error.

FARR, J, (7th Dist) sitting by designation.

## OPINION

By STEVENS, J.

Four assignments of error are tendered by plaintiff:

1. That since defendant did not write a policy on a Class E risk, identical in terms with the Class A policy but at a higher premium rate, the 5/12 provision of the stipulation became meaningless, and the parties were relegated to the indemnities stipulated in the policy issued.

2. That if said provision be construed to mean that plaintiff was not entitled to any indemnities, then said provision worked a forfeiture and was waived by defendant.

3. That if insurer, with knowledge of the forfeiture, recognizes the continued validity of the policy, the forfeiture is waived.

4. Estoppel of defendant to claim the benefit of said provision, by reason of acceptance of premium after defendant had knowledge of plaintiff's new occupation.

We will consider these contentions in the order of their presentation.

1. This court, of course, cannot look outside of the bill of exceptions, and there might be some merit to plaintiff's first claim of error were it not for the fact that the stipulation contains the following:

"That upon notice to the company of a change from an 'A' to an 'E' risk occupation it is the practcie of the defendant to immediately cancel the policy originally written, and to issue an 'E' policy upon other terms and conditions for an amount that the premium paid for an 'A' policy would have originally purchased in such 'E' policy; but that if an 'E' policy is not thus issued before an accident occurs, at all times since October, 1928, it has been and is the practice of the defendant, and that of all accident insurance companies using the same standard policy, to pay in accordance with the terms of an 'A' policy five-twelfths of the indemnities provided for in the 'A' policy."

There is no testimony to controvert the foregoing, and this court must accordingly accept the facts stated therein as true. Such being the case, there is no merit in plaintiff's contention that the parties, under the facts shown, are relegated to the indemnities provided for in the "A" policy.

2. No contention is made or urged that the plaintiff is not entitled to some compensation under his policy, and accordingly the argument under this heading is superfluous.

3. This contention may be disposed of by stating that no forfeiture being claimed, a waiver thereof need not be considered.

4. Plaintiff further urges that defendant is estopped to avail itself of the 5/12 provision contained in the stipulation, for the reason that, with full knowledge of plaintiff's changed occupation, it solicited and accepted a renewal of said policy for a further term of six months.

The acceptance of said premium by de-fendant had the effect, in our judgment, merely of continuing in force, for a further period of six months, the policy previously issued. That policy was specific and unambiguous as to the conditions which would pertain in the event of a change of occupation by the insured. As a salesman, he was entitled to indemnity according to the provisions of the policy issued; as a garage attendant he was entitled, under the provisions of the policy, to a different amount of indemnity for the premium paid. All of this information was set out clearly and unequivocally in paragraph 1 of the "Standard Provisions" of said policy.

We can conceive of no basis for the operation of the doctrine of estoppel in this case.

The other defenses set up by defendant we deem it unnecessary to pass upon at this time, in view of our conclusions hereinbefore set out.

The judgment of the trial court is affirmed.

FARR and FUNK, JJ, concur in judgment.